UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

QUENTRELL WILLIAMS,

                Plaintiff,

      v.                                          Case No. 19-cv-1697-bhl

BRIAN FOSTER, et al.,

                Defendants.

## SCREENING ORDER

Plaintiff Quentrell Williams, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights at the Waupun Correctional Institution. This order screens the complaint and resolves several pending motions. (ECF Nos. 1-3.)

### THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed the complaint. *See* 28 U.S.C. §1915(h). The PLRA allows a prisoner-plaintiff to proceed with a case in federal court without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). The prisoner must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On December 10, 2019, the Court ordered the plaintiff to pay an initial partial filing fee of $0.57. (ECF No. 11.) The plaintiff paid that fee on February 26, 2020. Accordingly, the Court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

**SCREENING THE COMPLAINT**

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The plaintiff does not need to plead every fact supporting his claims; he need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

There is a reason Rule 8 specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Kadamovas v. Stevens,* 706 F.3d 843, 844 (7th Cir. 2013). "Length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Id*.

The plaintiff's complaint is 129 pages. (ECF No. 1.) It consists of sixty-four hand-written pages that are single-spaced and difficult to read, sixty-five pages of exhibits, fifty-four defendants, and more than 366 paragraphs of factual and legal assertions. (*Id*.) The plaintiff also filed a nine-page memorandum including additional facts and arguments. (ECF No. 17.) If the plaintiff has included any meritorious claims, they are buried in the pages and pages of excessive and unnecessary detail.

Before this case goes any further, the Court will require the plaintiff to file an amended complaint that complies with Fed. R. Civ. P. 8. The amended complaint must provide a simple, concise, and direct statement of his claims. The plaintiff does not need to include every detail

2

giving rise to his claims. He need only provide enough facts from which the Court can reasonably infer that the defendants did what the plaintiff alleges they did.

The Court is enclosing a guide for *pro se* prisoners that explains how to file a complaint that it can effectively screen. The Court also will include a blank prisoner complaint form. The Court will require the plaintiff to use that form to file his amended complaint. *See* Civ. L. R. 9 (E.D. Wis.). If, after crafting his allegations in a concise "who, what, when, where, why" manner, the plaintiff believes he needs more space than is provided in the form complaint, he may attach a *maximum* of <u>five</u> typed, double-spaced pages.

## THE PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR A PRELIMINARY INJUNCTION (ECF NO. 3.)

The plaintiff filed a "motion for restraining order and motion for preliminary injunction." (ECF. No. 3.) He "realleges" paragraphs 27-348 of the complaint and asks, among other things, to transfer to a different institution. (*Id.*) A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying complaint and deals with a matter presented in that underlying complaint. *See Peace v. Pollard*, Case No. 15-cv-481, 2017 WL 564016 at *1 (E.D. Wis. Feb. 10, 2017) (citations omitted). Further, in the context of prisoner litigation, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); *see also Westefer v. Neal,* 682 F.3d 679, 683 (7th Cir. 2012). The Court is requiring the plaintiff to file an amended complaint, so it cannot determine at this time whether the relief the plaintiff seeks in this motion is of the same character sought in the underlying case. Moreover, transfer to a different institution is an extreme remedy that likely is not the "least intrusive means" of correcting an alleged harm. The Court will deny his motion for restraining order and motion for preliminary injunction without prejudice.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

3

**IT IS ORDERED** that the agency that has custody of the plaintiff shall collect from his institution trust account the **$349.43** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The Court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

**IT IS ORDERED** that the complaint is **DISMISSED** because it violates Fed. R. Civ. P. 8. The plaintiff may file an amended complaint that complies with the instructions in this order by **October 29, 2020.** If the plaintiff files an amended complaint by the date above, the Court will screen the amended complaint as required by 28 U.S.C. §1915A. If the plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case.

**IT IS ORDERED** that the plaintiff's motion for a restraining order and motion for a preliminary injunction (ECF No. 3) is **DENIED** without prejudice.

**IT IS ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The Court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the Court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, which could affect the legal rights of the parties.

The Court includes with this order a copy of the guide entitled, "Answers to Prisoner Litigants' Common Questions" and a blank prisoner complaint form.

Dated at Milwaukee, Wisconsin this 1st day of October, 2020.

s/ Brett H. Ludwig
Brett H. Ludwig
United States District Judge